UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| GALE MARIE WILLIAMS,<br><br>        Plaintiff,<br><br>  v.<br><br>ANDREW M. SAUL, Commissioner of Social Security,[1]<br><br>        Defendant. | Case No. EDCV 18-1023-AS<br><br>**MEMORANDUM OPINION** |

**PROCEEDINGS**

On May 11, 2018, Plaintiff filed a Complaint seeking review of the Commissioner's denial of Plaintiff's applications for a period of disability and disability insurance benefits ("DIB"), and supplemental security income ("SSI"), respectively, under Titles II and XVI of the Social Security Act. (Dkt. No. 1). On October 10, 2018, Defendant filed an Answer and the Administrative

---

[1] Andrew M. Saul, Commissioner of Social Security, is substituted for his predecessor. See 42 U.S.C. § 405(g); Fed. R. Civ. P. 25(d).

Record ("AR"). (Dkt. Nos. 16-17). The parties have consented to proceed before a United States Magistrate Judge. (Dkt. Nos. 11-12). On December 29, 2018, the parties filed a Joint Stipulation ("Joint Stip.") setting forth their respective positions regarding Plaintiff's claim. (Dkt. No. 18). The matter was transferred to the undersigned Magistrate Judge on November 14, 2019. (Dkt. No. 23). The Court has taken this matter under submission without oral argument. See C.D. Cal. C. R. 7-15.

**BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION**

On January 18, 2011, Plaintiff, formerly employed as a data entry clerk (see AR 53, 207, 800, 846), filed applications for DIB and SSI alleging a disability onset date of October 24, 2009. (AR 176-85, 186-91). Plaintiff's applications were denied initially on March 11, 2011 (AR 113-17), and on reconsideration on September 1, 2011. (AR 119-24).

On November 2, 2012, following a hearing, Administrative Law Judge Duane B. Young issued a decision denying Plaintiff's applications. (AR 22-58, 95-112). The Appeals Council then denied a request for review, and Plaintiff filed a complaint in this Court seeking review of the Commissioner's decision. (AR 9-14, 853-64; see Williams v. Colvin, Case No. EDCV 14-2146 PLA). On July 23, 2015, the Court remanded the matter for further proceedings. (AR 865-885; see Williams, Case No. EDCV 14-2146 PLA, Dkt. Nos. 15-16).

On remand, ALJ Dana McDonald ("ALJ") held a hearing on July 26, 2016, and received testimony from Vocational Expert ("VE") Troy Scott, Medical Expert Eric Schmitter, and Plaintiff, who was represented by counsel. (See AR 810-52). On September 22, 2016, the ALJ issued a decision denying Plaintiff's applications. (AR 786-809).

The ALJ applied the requisite five-step process to evaluate Plaintiff's case. At step one, the ALJ found that Plaintiff met the insured status requirements through December 31, 2015, and had not been engaged in substantial gainful activity from October 24, 2009, her alleged disability onset date, to July 31, 2012, and also from December 1, 2014 to the date of the decision. (AR 792). However, between those two periods, from August 1, 2012 to November 30, 2014, Plaintiff ran a small childcare business out of her home, full time, which the ALJ found to be substantial gainful activity. (Id.).

At step two, the ALJ found that Plaintiff had the following severe impairments: left knee degenerative joint disease and internal derangement; left knee enthesopathy; history of left knee arthroscopy surgery; angina with evidence of cardiac ischemia; lumbar spine facet arthropathy; lumbar spine degenerative disc disease with fusion in November 2013; cervical spine degenerative disc disease; and obesity. (AR 792-93). The ALJ found that Plaintiff's other alleged impairments, including mental impairments, were non-severe. (AR 793-94).

At step three, the ALJ determined that Plaintiff's impairments did not meet or equal a listing found in 20 C.F.R Part 404, Subpart P, Appendix 1. (AR 794). Next, the ALJ found that Plaintiff had the Residual Functional Capacity ("RFC")[2] to perform "the full range of sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a).[3] (AR 795).

At step four, the ALJ determined, based on the VE's testimony, that Plaintiff is capable of performing her past relevant work as a data entry clerk as actually and generally performed. (AR 800-01). The ALJ thus concluded that Plaintiff has not been disabled since her alleged disability onset date of October 24, 2009. (AR 801).

On April 4, 2018, the Appeals Council denied Plaintiff's request to review the ALJ's decision. (See AR 776-72). Plaintiff now seeks judicial review of the ALJ's decision, which stands as the final decision of the Commissioner. See 42 U.S.C. §§ 405(g), 1383(c).

---

[2] A Residual Functional Capacity is what a claimant can still do despite existing exertional and nonexertional limitations. See 20 C.F.R §§ 404.1545(a)(1), 416.945(a)(1).

[3] "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." 20 C.F.R. §§ 404.1567(a), 416.967(a).

4

**STANDARD OF REVIEW**

This Court reviews the Administration's decision to determine if it is free of legal error and supported by substantial evidence. See Brewes v. Comm'r, 682 F.3d 1157, 1161 (9th Cir. 2012). "Substantial evidence" is more than a mere scintilla, but less than a preponderance. Garrison v. Colvin, 759 F.3d 995, 1009 (9th Cir. 2014). To determine whether substantial evidence supports a finding, "a court must consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion." Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (internal quotation omitted). As a result, "[i]f the evidence can support either affirming or reversing the ALJ's conclusion, [a court] may not substitute [its] judgment for that of the ALJ." Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006).

**DISCUSSION**

Plaintiff claims that the ALJ erred by (1) discounting the opinion of her treating physician, Dr. Tushar R. Doshi, M.D., and (2) failing to include Plaintiff's mild mental limitations in the RFC assessment. (See Joint Stip. at 4-12). After consideration of the record as a whole, the Court finds that the Commissioner's

findings are supported by substantial evidence and are free from material legal error.[4]

**A. The ALJ Did Not Err in Assessing Dr. Doshi's Opinion**

Plaintiff argues that the ALJ erred by failing to properly discuss and weigh the records of her treating physician, Dr. Doshi. (See Joint Stip. at 4-7, 11).

Although a treating physician's opinion is generally afforded the greatest weight in disability cases, it is not binding on an ALJ with respect to the existence of an impairment or the ultimate determination of disability. Batson v. Comm'r of Soc. Sec. Admin., 359 F.3d 1190, 1195 (9th Cir. 2004); Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989). "Generally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing physician's." Holohan v. Massanari, 246 F.3d 1195, 1202 (9th Cir. 2001); see also Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). The weight given a treating physician's opinion depends on whether it is supported by sufficient medical data and is consistent with other evidence in the record. 20 C.F.R. § 416.927(c)(2); see Trevizo v. Berryhill, 871 F.3d 664 (9th Cir. 2017). When a treating physician's opinion is not controlling, it is weighted based on

---

[4] The harmless error rule applies to the review of administrative decisions regarding disability. See McLeod v. Astrue, 640 F.3d 881, 886-88 (9th Cir. 2011); Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (an ALJ's decision will not be reversed for errors that are harmless).

6

factors such as the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability, consistency with the record as a whole, and specialization of the physician. 20 C.F.R. § 416.927(c)(2)-(6).

If a treating or examining doctor's opinion is contradicted by another doctor, the ALJ must provide "specific and legitimate reasons" for rejecting the opinion. Orn v. Astrue, 495 F.3d 625, 632 (9th Cir. 2007); Lester v. Chater, 81 F.3d at 830-31. However, if a treating or examining doctor's opinion is not contradicted by another doctor, the ALJ can reject the opinion only for "clear and convincing reasons." Carmickle v. Commissioner, 533 F.3d 1155, 1164 (9th Cir. 2008); Lester, 81 F.3d at 830-31.

Dr. Doshi provided an evaluation of Plaintiff on June 7, 2011. (AR 403-13). He opined that Plaintiff could lift no more than five pounds, stand or walk for no more than twenty-five minutes at a time, and could not kneel, squat, or climb repeatedly. (AR 412).

The ALJ gave little weight to Dr. Doshi's opinion because it was "overly restrictive and not supported by the medical evidence of record," and particularly because it conflicted with Plaintiff's work activity from around the same period. (AR 798). As the ALJ noted, Plaintiff ran a childcare business out of her home, full time, from around August 2012 to November 2014. (AR 798, 833-34, 842-43). This entailed caring for eight children – two infants and six toddlers – without any assistance. (AR 833-34). Plaintiff

7

testified that she eventually ended this venture, in November 2014, because it was "becoming very unbearable and very painful" for her to "concentrate and change the diapers and lift the children." (AR 834).

The ALJ reasoned that if the "highly restrictive" limitations in Dr. Doshi's opinion were accurate, it would have been "impossible" for Plaintiff, by herself, to have cared for eight children, including two infants, on a full-time basis for over two years. (AR 798). Elsewhere in the decision, the ALJ noted that watching the children "would likely require her to be on her feet much of the day," and to "hold and carry" the infants. (AR 796). The ALJ thus concluded that the opinion "was not reliable or an accurate representation of [Plaintiff's] true functional capabilities." (Id.).

Plaintiff expressly "does not dispute the underlying facts" of her childcare activities (see Joint Stip. at 11), nor does she dispute that those activities are inconsistent with the limitations stated in Dr. Doshi's assessment. Nevertheless, Plaintiff contends that her childcare activities "do not detract from the reliability of Dr. Doshi's opinions." (Joint Stip. at 11). As support, Plaintiff asserts that "[m]any people attempt to work beyond the limitations imposed by their physicians." (Id.). She also contends that her eventual "cessation" of these activities, in November 2014, "demonstrates that Dr. Doshi's opinions were an accurate representation of her functional abilities." (Id.).

These contentions are unpersuasive. Plaintiff did more than merely "attempt to work" beyond Dr. Doshi's assessed limitations. She sustained the childcare business, full time, for over two years, from August 2012 to November 2014. That she eventually ceased this activity, more than three years after Dr. Doshi's June 2011 assessment, does not support Dr. Doshi's findings. To the contrary, the ALJ reasonably found that Plaintiff's sustained work activity during that period demonstrated the inaccuracy of Dr. Doshi's opinion.

Although Plaintiff also points to some medical evidence in the record to support Dr. Doshi's opinion (see Joint Stip. at 5-6), that evidence is largely equivocal, and fails to undermine the ALJ's primary reason for rejecting the opinion. The undisputed fact that Plaintiff engaged in prolonged activity that was inconsistent with Dr. Doshi's assessed limitations is a specific, clear and convincing basis for giving little weight to Dr. Doshi's opinion. Accordingly, Plaintiff has failed to establish any material error in the ALJ's assessment of Dr. Doshi's treating opinion.

**B.** **The ALJ Did Not Err by Declining to Include Plaintiff's Mild Mental Limitations in the RFC**

At step two in the decision, the ALJ provided a detailed account of the evidence of Plaintiff's mental limitations, and concluded that Plaintiff had mild limitations in concentration, persistence or pace, among other findings. (AR 794). Plaintiff

contends that the ALJ was "required to include these mild limitations in the RFC assessment and hypothetical to the [VE]." (Joint Stip. at 7). As support, she cites Hutton v. Astrue, 491 F. App'x 850 (9th Cir. 2012), an unpublished decision which held that even though the ALJ found the claimant's PTSD impairment was non-severe because it caused only "mild mental limitations in the area of concentration, persistence or pace, and no episodes of decompensation," the ALJ still was required to consider the mild limitations in the RFC analysis. Id. at 850-51.

Plaintiff is correct that ALJs are required to consider all limitations, whether severe or non-severe, when assessing a claimant's RFC. See 20 C.F.R. §§ 404.1545(a)(2), 416.945(a)(2) ("We will consider all of your medically determinable impairments of which we are aware, including your medically determinable impairments that are not 'severe' . . . when we assess your residual functional capacity."). However, ALJ need not include such non-severe limitations in the RFC if they do not cause more than a minimal limitation on a claimant's ability to work. See Medlock v. Colvin, 2016 WL 6137399, at *5 (C.D. Cal. Oct. 20, 2016) ("Consideration of 'the limiting effects of all impairments' does not necessarily require the inclusion of every impairment into the final RFC if the record indicates the non-severe impairment does not cause a significant limitation in the plaintiff's ability to work."); Ball v. Colvin, 2015 WL 2345652, at *3 (C.D. Cal. May 15, 2015) (reasoning that mild mental impairments "by definition do not have more than a minimal limitation on Plaintiff's ability to do basic work activities . . . which translates in most cases into

no functional limitations," and thus the ALJ was not required to include them in the RFC; distinguishing Hutton because it was based on the ALJ's "explicit refusal" to consider the claimant's mild mental limitations caused by PTSD in the RFC).

Here, the ALJ expressly considered all symptoms and limitations in assessing Plaintiff's RFC. (See AR 794 (the RFC assessment "reflects the degree of limitation the [ALJ] has found in the 'paragraph B' mental function analysis"); AR 795 (the ALJ "has considered all symptoms to the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence")); see Scotellaro v. Colvin, 2015 WL 4275970, at *9 (D. Nev. June 22, 2015), report and recommendation adopted, 2015 WL 4275978 (D. Nev. July 14, 2015) ("Although the ALJ did not extensively discuss Plaintiff's mental impairment at step four, he thoroughly discussed the evidence supporting his findings at step two and incorporated them by reference in his RFC analysis."). The ALJ also noted, in assessing the RFC, that Plaintiff had sufficient mental functioning to sustain her childcare business from 2012 to 2014, and was taking online paralegal classes in January 2015, suggesting that her mild mental limitations would not disrupt her ability to work. (AR 796).

Thus, having considered Plaintiff's mental limitations in assessing Plaintiff's RFC, the ALJ did not err by declining to include them in the RFC finding or the VE hypothetical. See, e.g., McIntosh v. Berryhill, 2018 WL 3218105, at *4 (C.D. Cal. June 29, 2018) (because ALJ concluded that mental impairment caused no more

than minimal restrictions, there was no requirement to include it in the claimant's RFC); Ball, 2015 WL 2345652, at *3 (same); see also Hoopai v. Astrue, 499 F.3d 1071, 1077 (9th Cir. 2007) (explaining that the Ninth Circuit has not "held mild or moderate depression to be a sufficiently severe non-exertional limitation that significantly limits a claimant's ability to do work beyond the exertional limitation.").

**CONCLUSION**

For the foregoing reasons, the decision of the Commissioner is AFFIRMED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: December 18, 2019

_____/s/_____
ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE